The plaintiff refers us to Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937, and claims that the evidence of that case supports the plaintiff's right to have the question of alleged negligence submitted to the jury. In that case it was held that where the accident was occasioned by mismanagement of the train, causing a sudden jerk, and injury to the passenger, a question of fact was presented for the jury. Upon the evidence in this case, the opinion to which we have alluded, and which is binding upon us, is to the effect that there was no mis-management of the train which caused the plaintiff's injuries. The evidence was not changed at the second trial to such an extent as to warrant the trial judge in refusing to follow the doctrine of that opin-ion. We should adhere to that opinion, and sustain the direction given by the trial judge.

Judgment and order affirmed, with costs.

---

KELLY et al. v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. CONVERSION—JUDGMENT—SATISFACTION—TITLE OF PROPERTY.
   Where the owner of coupons in the possession of another elected to waive their return, and sued as for conversion, and recovered judgment, which was satisfied, the coupons became the property of the wrong-doer.

2. EVIDENCE—PRESUMPTION.
   Possession of coupons by the person liable thereon, where there was evidence they were unpaid, raises no presumption that they were received under any agreement preventing the owner from collecting them.

3. SAME—BURDEN OF PROOF.
   Where, in an action on coupons, plaintiff showed that they had been duly issued by defendant, that plaintiff had become the owner of them, and that they were not paid, the burden was on defendant to show whether any defense existed against the right to recover; and this, though the coupons were in defendant's possession.

4. JUDGMENT—NOTICE—ESTOPPEL.
   Where the person ultimately liable on coupons was served with notice of the commencement, trial, entry of judgment, and appeal of an action involving their ownership, value, and existence as legal obligations, though not a party, he is concluded as to these issues in a subsequent action on the coupons.

5. LIMITATION OF ACTIONS—BONDS—COUPONS.
   Interest coupons of bonds therein described are not outlawed until the bonds are, though they are detached from the bonds.
   Patterson, J., dissenting.

Appeal from trial term, New York county.

Action by Richard B. Kelly and another, as executors, etc., of Richard Kelly, deceased, against the Forty-Second Street, Man-hattanville & St. Nicholas Avenue Railway Company. There was a judgment for defendant, and plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-TERSON, O'BRIEN, and INGRAHAM, JJ.

John M. Scribner, for appellants.
Henry L. Scheuerman, for respondent.

INGRAHAM, J.   The action was brought by Richard Kelly to recover the amount paid in satisfaction of a judgment obtained in favor of one Shafer against him, and the sum of $750.25, expenses incurred in defending the action upon which such judgment was recovered.   The complaint alleges that the defendant executed and issued certain bonds, of $1,000 each, secured by a mortgage upon its property; that said bonds were dated June 9, 1880, bearing interest at 6 per cent., payable semiannually, were under seal, and had annexed certain interest warrants or coupons for $30 each, payable on the 1st days of March and September in each year; that the first coupon was payable on the 1st day of September, 1880; that the plaintiff received from the defendant eight of the said first-mortgage bonds, with the said coupons or interest warrants annexed, to be delivered on the 1st day of January, 1881, to the persons whose names should be inserted in a blank left for that purpose in two certificates or receipts for said bonds which had been prepared by the defendant, and signed by the plaintiff, bearing date the 9th day of June, 1880, one of which certificates or receipts was for six, and the other for two, of said bonds; that in the month of March, 1885, one Shafer presented to the plaintiff the said certificates or receipts, signed by the plaintiff, the name of the said Shafer being inserted in said receipts or certificates, and demanded the delivery of the said eight bonds, with all the coupons attached or belonging thereto, but that the plaintiff declined and refused to deliver the coupons which had become due or payable prior to the 1st day of September, 1885; that Shafer had accepted the said eight bonds, but objected to the retention by the plaintiff of the coupons maturing prior to the 1st day of September, 1885, which, by the direction of the defendant, the plaintiff had detached from said bonds; that the said coupons, which, on their face, had matured or become payable prior to the 1st day of September, 1885, making 10 coupons on each bond, or 80 coupons of $30 each, amounting in all to $2,400, were cut off and detached by Kelly from the said bonds, and by him delivered to the defendant through one Conover, who was then the president and managing agent of the defendant; that on or about the 13th day of April, 1891, the said Shafer commenced an action in the supreme court against Kelly to recover the value of the said 80 coupons which had been detached from said bonds, and delivered by Kelly to the defendant in this action; that, after the commencement of said action by Shafer against Kelly, the defendant was notified of the commencement thereof, and was requested to take charge of and defend the same, and was notified that, if it failed to take charge of and defend the same, it would be held bound by any judgment which might be rendered in the action, but that the defendant neglected and refused to defend the action; that Kelly interposed a defense, issue was joined, the said action was brought on for trial in this court on the 20th day of February, 1894, and resulted in a verdict in favor of Shafer for the sum of $3,000, upon which judgment was entered for the sum of $3,299.88, of which fact this defendant received due notice; that an appeal was taken from said judgment, of which notice was given to the defendant, with a

request to know whether Kelly should prosecute such appeal; that the defendant made no reply to said notice, and thereafter, to wit, on or about the 24th day of April, 1894, the plaintiff settled and paid the aforesaid judgment, by paying the sum of $2,827.88, which the said Shafer accepted and received in full settlement and satisfaction; that the plaintiff's counsel fees, costs, and services of attorneys and counsel necessarily employed by the plaintiff for the defense of the said action amounted to $750.25; that the coupons on account of which the said action of Shafer against the plaintiff was commenced and prosecuted had never been paid by the defendant herein, but that in the judgment in the aforesaid action instituted by the said Shafer against this plaintiff it was adjudged and determined that all of the said coupons were legal liabilities of the defendant, which should have been delivered to said Shafer as part of the bonds so held in trust by the plaintiff as aforesaid, and that the defendant was bound to pay said coupons, and, the plaintiff having been compelled to pay the said judgment which was obtained against him in favor of the said Shafer as aforesaid, he is entitled to the payment by the defendant of the amount of the coupons, with interest thereon, or the amount paid by the plaintiff in settlement and satisfaction of the said judgment, with interest from the time of such payment, and also the expenses paid or incurred by the plaintiff for the defense of said action against this plaintiff, as aforesaid. The answer denied all the allegations of the complaint, except the first paragraph thereof, which alleges the incorporation of the defendant, and the making and issuing of the bonds, and set up the six-years statute of limitations as a defense. After the commencement of this action, Richard Kelly died, and the plaintiffs, as his executors, were substituted as plaintiffs.

The case was brought on for trial at a trial term of this court, and the plaintiffs introduced in evidence the judgment roll in the action of Shafer against Richard Kelly. The complaint in that action alleged the issuing of the bonds of the defendant corporation; that the said bonds belonged to the plaintiff, but were in the custody and possession of the defendant; that the plaintiff demanded from the defendant therein the said bonds and coupons annexed, but that the defendant refused to deliver them to the plaintiff; that the defendant offered to the plaintiff the said bonds and all the coupons, except 80, of the denomination and value of $30 each, "which had been by defendant improperly, wrongfully, and unlawfully detached, cut off, and removed from said bonds, and retained and kept by defendant, and the defendant, after such offer, refused to deliver to the plaintiff any other bonds or coupons, only as above set forth"; that the plaintiff, after such refusal by the defendant, received the said bonds and coupons from the said defendant under protest, and demanded from said defendant the said 80 coupons which were unlawfully kept and retained by the defendant, which was refused by the defendant; that the plaintiff therefore demanded judgment against the said defendant for the unlawful cutting off, detaching, keeping, and detaining the said 80 coupons as aforesaid, and that he might have judgment against the defendant for damages in the

sum of $3,282.50, with interest. The judgment was that the plaintiff (Shafer) recover of the said Richard Kelly the amount of the verdict ($3,000) and costs. The complaint further proved the notice to the railroad company of the commencement of the Shafer action; that on the trial of the Shafer action the officers of the railroad company appeared and testified; notice to the railroad company of the judgment that was obtained, and the settlement of the judgment against the plaintiff's testator by the payment of the sum of money before mentioned. There was also introduced in evidence the certificate signed by Kelly under which he held the bonds, which was as follows:

"New York, ——, 188—.

"This is to certify that I hold (six) 6 first mortgage bonds of the Forty-Second Street, Manhattanville and St. Nicholas Avenue Railway Company of the denomination of one thousand dollars ($1,000) each, which bonds are owned by E. B. Shafer, and are to be delivered by me to him or his order, on the first day of January, 1881, or prior thereto, if George N. Van Nort, Daniel D. Conover, Daniel D. Wylie, and William J. Nicholas shall request me in writing to do so.

"New York, June 9, 1880.                               R. Kelly, Trustee."

There was a second receipt for two bonds, which was identical in form. There were produced from the records of the railroad company the coupons which had been detached from the eight bonds delivered to Shafer, canceled and pasted by the railroad company in its book of canceled coupons; and evidence was offered tending to show that none of these coupons had been paid by the railroad company. Upon this evidence the plaintiffs rested. The court dismissed the complaint, to which the plaintiffs excepted.

In the action commenced by Shafer against Kelly (plaintiffs' testator), Shafer elected to waive the right to require from Kelly the delivery of the coupons attached to the bonds, and to hold Kelly responsible for their value as for a conversion. That action was based upon the ownership by Shafer of the coupons, their possession by Kelly, and the refusal of Kelly to deliver them upon demand. Shafer's right to the possession of these coupons, at the time he demanded the delivery thereof, was the issue presented in that action, and the entry of the judgment, followed by its satisfaction by Kelly, operated to devest Shafer of the title to the coupons, and to transfer his title to Kelly. 26 Am. & Eng. Enc. Law, 815, and cases there cited.

In Marsden v. Cornell, 62 N. Y. 220, it was held that where, in an action of trover for the conversion of personal property, the owner had judgment for the value of the goods, which is paid, and the goods remained in the possession of the defendant, the title in the property is changed, and the wrongdoer becomes the owner.

In Thayer v. Manley, 73 N. Y. 307, it was said:

"A recovery for the conversion or for the taking of a specific chattel and satisfaction of the judgment changes the property in a chattel by operation of law, on the principle that 'solutio pretii emptionis loco habetur,' where the transfer by such means is considered as a complete and absolute change of title."

Upon the satisfaction of the judgment obtained by Shafer against Kelly, Kelly was entitled to maintain an action against a person

legally liable to pay the coupons as though Shafer had, by a former instrument, in writing, assigned them or the right of action thereon to Kelly. The title to the coupons, or the right of action to enforce payment thereof, being thus vested in Kelly by the entry of the judgment against him in favor of Shafer and its satisfaction by Kelly, he (Kelly) was entitled to maintain this action against the defendant for the coupons; and, unless the defendant had shown some defense against the demand for the payment thereof, Kelly was entitled to recover.

The coupons being in the possession of the defendant, they would be presumed to have been paid. That presumption, however, was rebutted by the evidence offered on behalf of the plaintiffs, by which it appeared that the defendant had not paid the coupons; and, Kelly being the owner of them, he was entitled to collect from the defendant the amount thereof, possession of which it had obtained without payment. There can be no presumption that the company received them under any agreement which would prevent Kelly from collecting them. If any defense to the right to recover on these coupons existed, the burden was upon the defendant to allege and prove it. The plaintiffs made out a prima facie case when it appeared that these coupons had been actually issued by the company as an existing obligation; that Shafer became the owner of them; that they had not been paid by the company; and that Kelly had become the owner, and entitled to enforce them.

These bonds having been delivered to Kelly and held by him under an agreement to deliver them to Shafer, upon the commencement by Shafer of the action against him for the damages sustained by the refusal to deliver the coupons which had been annexed to the bonds, the question necessarily presented was whether Shafer was the owner of the coupons, and whether the coupons were existing obligations of the defendant, to which Shafer was entitled to the possession. Upon the commencement of that action against Kelly, notice was given thereof to the railroad company, and a copy of the summons and complaint delivered to it. To that notice the defendant made no reply. That action was subsequently brought on for trial, of which the defendant had notice, and various of its officers appeared and testified; and, after judgment against Kelly was entered, notice of the result of the trial and the judgment, and that Kelly had appealed from such judgment, was given to this defendant. The defendant having been notified of the commencement of this action against Kelly, and being the party against whom the "ultimate liability" for the payment of the coupons is claimed, it follows that, "in so far as the issues actually litigated in that case are identical with the issues involved in this, the judgment is binding upon the defendant in the same way as if it had been a party upon the record." Carleton v. Lombard, Ayres & Co., 149 N. Y. 151, 43 N. E. 426.

In Castle v. Noyes, 14 N. Y. 332, the court say:

"In order to the estoppel, it is not necessary that the parties on the record in both suits should be the same. An estoppel by judgment includes all parties who have a right to appear and control the action, and to appeal from the judgment, although not a party to the record. * * * It is by no means

true that, in order to constitute an estoppel by judgment, the parties on the record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment."

The rule is stated by the supreme court of the United States in Robbins v. Chicago City, 4 Wall. 672, as follows:

"But all who are directly interested in the suit, and have knowledge of its pendency, and who refuse or neglect to appear and avail themselves of those rights, are equally concluded by the proceedings."

Judge O'Brien, in the case of Oceanic Steam Nav. Co. v. The Campania Transatlantica Espanola, 144 N. Y. 665, 39 N. E. 361, thus states the rule:

"It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record. * * * When a party has been served with such a notice, the law entitles him to come in as a party upon the record, or to be heard at the trial; and it is not necessary that he should be required in terms to do what the law will permit him to do."

The questions involved in the suit of Shafer against Kelly were as to Kelly's right to these particular coupons, and as to the value of the coupons, their value depending upon whether or not they were existing obligations of the defendant in this action. Within the rule thus stated, the judgment was conclusive evidence of Shafer's title to the coupons, his right to the possession thereof, and that they were valid obligations of the defendant.

The only remaining question is as to the defense of the statute of limitations. The plaintiffs in this action allege that the defendant made, executed, and issued certain bonds known as first mortgage bonds, which were secured by a first mortgage upon all of the defendant's corporate property and franchises; that said bonds were of the denomination of $1,000 each, and were under seal; and that all of said bonds bore interest at the rate of 6 per cent. per annum, payable semiannually, and had annexed certain interest warrants or coupons for $30 each, which were annexed to and formed a part of said bonds respectively. This allegation was admitted by the answer. The coupons were offered in evidence, and were in the following form:

The Forty-Second Street Manhattanville and St. Nicholas Avenue Railway Company
Will Pay the Bearer
at the office of the Union Trust Company of New York on the 1st day of
Septr. 1880
Thirty Dollars.
for Six Months interest due on that day on its Bond
Danl. D. Wylie                                                No. 306.
    Treasurer.

The complaint thus alleges, and the answer admits, that the bonds were under seal. Each coupon recites upon its face that it was an obligation of the company for the payment of six months' interest upon a certain bond therein described.

It seems to be settled in this state that such coupons are to be considered as a part of the bond, and to partake of its character. In McClelland v. Railroad Co., 110 N. Y. 475, 18 N. E. 237, that question was discussed, and, after a review of the authorities, it was held (citing with approval the cases in the supreme court of the United States in which the question was considered) that the coupons did not outlaw until the statutory time had run against the bond. The same principle is affirmed in the case of Bailey v. Buchanan Co., 115 N. Y. 301, 22 N. E. 156, where the court say:

"But the coupons, nevertheless, always have some relation to the bonds. Their force and effect and character may be determined by reference to the bonds. They are secured by the same mortgage, and, although unsealed, are specialties like the bonds, and are governed by the same statute of limitations which is applicable to the bonds."

This is the settled rule of the supreme court of the United States. The City v. Lamson, 9 Wall. 484; City of Lexington v. Butler, 14 Wall. 293; Clark v. Iowa City, 20 Wall. 583.

As the bonds are under seal, the holder of the coupons was entitled to 20 years after they became due before his claim would be barred by the statute. As these coupons became due between the 1st day of September, 1880, and the 1st day of March, 1885, the six-years statute of limitations did not apply, and the right of the holder of the coupons to sue was not barred. We think, therefore, that the plaintiffs made out a prima facie case to recover for the amount of these coupons from the defendant, and that it was error to dismiss the complaint.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur, except PATTERSON, J., dissenting.

PATTERSON, J. I dissent. The case is treated by the majority of the court as if it were an action by one having title to the coupons, to recover for their nonpayment. They were negotiable instruments (having been cut off from the bonds), and were in the actual possession of the defendant, when this action was brought, and had been so for a long time before. They had been surrendered to and canceled by it. The defendant must have obtained them directly from Kelly, or from some transferee of his. It is not claimed or suggested that it obtained them wrongfully or fraudulently. One Shafer sued Kelly for the conversion of these coupons, and recovered a judgment which Kelly paid. The latter had parted with the coupons, but to whom, or for what consideration (if any), or under what circumstances, does not appear. Whatever right Kelly has is derived from his payment of the judgment obtained against him by Shafer. I do not concur in the view that, by that fact alone, he acquired a cause of action against the defendant to recover the amount of the coupons he himself had surrendered or parted with, and which had found their way back to the party originally issuing them. It was for Kelly or those claiming in his right to show the circumstances under which he parted with the coupons, and which would entitle him equitably to recover in this action. He does allege

such circumstances in the complaint, but his allegations are denied, and he totally failed to prove them. If it had been proven, as alleged, that Kelly received the bonds from the defendant, cut off the coupons, and delivered them back to the defendant, I should not differ with the majority of the court; but there is not one word of proof that he did so. All that appears in the record on these matters is an averment in his answer in the Shafer action that certain named persons representing the defendant deposited the bonds and coupons with him. That is a bare allegation in another action, unsupported by any evidence whatever. The single fact that the defendant did not pay these coupons in money is not enough. It may have been entitled to them as against Kelly, or those to whom he transferred them, otherwise than through their retirement by actual payment. The notice given the defendant by Kelly to come in and defend the Shafer suit is unavailing, unless some obligation, legal or equitable, is shown to have rested on it to defend Kelly's acts in dealing with the coupons; and none was shown. The burden of proof is with the person who attacks the right of one in possession of negotiable paper. The defendant must have taken these coupons upon or after Kelly's parting with them. The plaintiffs should have shown that the defendant was not entitled to them, or did not give any consideration for them to any one.