## PRESCOTT et al. v. LE CONTE et al.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. LANDLORD AND TENANT—INJURIES TO SUBTENANT—LIABILITY OF LANDLORD—NOTICE TO DEFEND.

Where a landlord was ultimately liable for loss to a subtenant by reason of negligence in the repair of the building, and, on suit being brought by the subtenant against the tenant, the latter notified the landlord's agents thereof, and informed them concerning the trial, the landlord was not relieved from liability over to the tenant, on judgment being rendered against him, on the ground that the landlord had not been notified to come in and defend.

2. SAME—REFERENCE.

Where a landlord, who was ultimately liable for an injury to a subtenant, was notified of the subtenant's suit therefor against the tenant, but the landlord failed to become a party to the suit and conduct the defense, he was not relieved from the binding effect of a judgment against the tenant therefor by reason of the fact that the issues, which were triable by the jury, were referred.

3. SAME—LEASES—COVENANTS TO REPAIR—NEGLIGENCE—JOINT TORT FEASORS.

Defendants rented a certain building to plaintiffs, with a covenant by which the landlords were obligated from time to time to make necessary repairs to the roof; and plaintiffs, with the landlords' consent, sublet the premises to B. & Co., by a lease in which plaintiffs covenanted to make the same repairs. A fire occurred in the building, by which the roof was damaged; and B. & Co. notified plaintiffs to repair the same, and plaintiffs notified defendants. The repairs were commenced by an insurance company at defendants' instance, defendants hiring a carpenter to inspect the work; and, by reason of the contractor's negligence in failing to close the roof over Sunday, the goods of B. & Co. were damaged by rain, for which they recovered judgment against plaintiffs. Held, that since, as between plaintiffs and defendants. defendants were bound to make the repairs, defendants were not excused from liability over for the damages

recovered from plaintiffs on the ground that plaintiffs and defendants were joint tort feasors.

4. SAME—CONCLUSIVENESS OF JUDGMENT.

Where a landlord was ultimately liable for a loss sustained by a subtenant by negligence in the making of repairs to the building, and, on suit being brought against the tenant, who was primarily liable, the landlord was notified, and afforded an opportunity to defend, he was bound by a judgment recovered against the tenant, both as to the amount of damages and as to the fact that the subtenant was not guilty of negligence which contributed thereto.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Amos L. Prescott and another against Helen G. Le Conte and another. From a judgment in favor of plaintiffs, and from an order denying defendants' motion for a new trial on the minutes, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Robert E. Deyo, for appellants.
Herbert J. Hindes, for respondents.

LAUGHLIN, J. This action is brought to recover damages sustained by the plaintiffs through the negligence of the defendants in making, in fulfillment of a covenant contained in the lease, repairs to the roof of a building owned and leased by the defendants to the plaintiffs. The premises are known as No. 11 Jay street in the city of New York. The lease contained a covenant, the legal effect of which is that it became the duty of the landlords to make from time to time necessary repairs to the roof. The plaintiffs with the consent in writing of the defendants, sublet the premises to a firm known as Manhattan Mills, referred to in the points and record as Blumenthal & Co., who conducted a grocery business thereon. This lease contained a clause in identically the same language with reference to the repairs to the roof. A fire occurred on the premises, burning a comparatively small hole in the roof, but damaging the roof to a considerable extent. Prior to this time, when the roof needed repairs the plaintiffs directed their tenants to communicate directly with E. H. Ludlow & Co., who were the agents of the owners; and, pursuant to such notices, some repairs were previously made by the owners. On the occasion of the fire, Blumenthal & Co. immediately notified the agents of the owners, and also telephoned the office of the plaintiffs, and informed their representatives that a fire had occurred on the premises which required their attention. The agents of the owners immediately notified the insurance company which had insured the building, and had the privilege, under the policy, of making compensation in damages, or of undertaking the repairs itself. The agents of the owners notified the plaintiffs, in writing, of their negotiations with the insurance company, and promised to have the repairs made as soon as possible. The insurance company, after examining the premises, determined to make

¶ 4. See Judgment, vol. 30, Cent. Dig. § 1224.

the repairs itself, and let the contract therefor. The contractor removed the damaged part of the roof, preparatory to making the repairs. The agents of the owners employed a carpenter to inspect the work and see that it was properly done. Work was suspended by the employés of the contractor at noon on Saturday, the 11th day of August, 1900, and the opening in the roof was not properly covered to keep out rain. Blumenthal & Co. protested to the men engaged upon the work against the opening of the roof being left unprotected; and immediately attempted to notify the plaintiffs, but without success, and also notified the agents of the owners, by telephone, of the condition in which the roof had been left, and were informed by a member of the firm that they would do their utmost to remedy the condition of which complaint was made. Blumenthal & Co. themselves endeavored to obtain a tarpaulin with which to cover the opening in the roof, but were unsuccessful. On the following day a heavy rainstorm set in, and the goods of Blumenthal & Co. in the building were seriously damaged by the water. Blumenthal & Co. brought action against the plaintiffs to recover their damages; setting up the covenant in the lease, and that the repairs of the roof were undertaken by the plaintiffs, through the owners and the insurance company, and that, through their negligence in conducting the work, the roof was left open, and the goods of Blumenthal & Co. exposed and damaged. Blumenthal & Co. recovered a judgment against the plaintiffs, which was affirmed on appeal to this court. Blumenthal et al. v. Prescott et al., 70 App. Div. 560, 75 N. Y. Supp. 710. These plaintiffs moved for a reargument in this court, and for leave to go to the Court of Appeals; and, upon both motions being denied, they paid the judgment. They then brought this action to recover over from their landlords, upon the ground that while, as between Blumenthal & Co. and the plaintiffs, the latter were liable, yet, as between the plaintiffs and the owners, it was the duty of the owners to make the repairs, and they, having undertaken to do so through the insurance company, their representative, are responsible for the negligence of those representing them in prosecuting the work, and are consequently liable over to the plaintiffs for the damages which they have been obliged to pay.

Upon the trial the plaintiffs gave evidence tending to show the damage sustained by Blumenthal & Co., and also introduced in evidence the judgment roll in the action between Blumenthal & Co. and them. The court ruled that this judgment was conclusive evidence as to the damages sustained, and was also conclusive of the fact that Blumenthal & Co. were not guilty of negligence contributing to the loss, and the only question submitted to the jury was whether the plaintiffs themselves were guilty of any negligence contributing to the damages. Upon this issue the jury found for the plaintiffs. It is alleged in the complaint that the plaintiffs gave the defendants notice of the commencement of the action by Blumenthal & Co. against them, and of the progress of the action, including the reference of the issues, the trial, and the appeal, and afforded the defendants an opportunity to come in and defend the action. The answer alleges that the issues were referred without the knowledge or consent of the defend-

ants, but otherwise these allegations of the complaint are not denied. Evidence was introduced in behalf of the plaintiffs tending to show that, before the issues were referred, one of the agents of the defendants, who appeared to have had full authority to represent them, was informed that the parties contemplated referring the issues, and no objection was made thereto. This evidence was controverted by the testimony of the agent. No request was made for the submission of this controverted question to the jury, but we regard it as immaterial, and the reason will be stated presently.' The agents of the defendants, upon being notified of the commencement of the action against the plaintiffs, consulted attorneys in the interest of the defendants with reference to the course to be pursued; but the defendants did not formally appear in, or take charge of the defense of, the action. The agents of the defendants were consulted by counsel for these plaintiffs from time to time throughout the progress of that action, and furnished him the names and addresses of witnesses and all of the information of which they were possessed. It satisfactorily appears that all of the material facts were developed upon the trial of the former action.

It is contended that even if the defendants could, in any event, be bound by a judgment between Blumenthal & Co. and the plaintiffs, they are not bound by the judgment recovered, for the reason that they were not notified to come in and defend the action. This contention we regard as untenable. No particular form of notice, and no formal notice, is necessary. They had notice of the commencement of the action, and an opportunity to defend the same; and, under all the authorities, this is sufficient, so far as notice is concerned, without any express notice to defend, to make the judgment binding upon them. Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427; City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 475, 7 Am. Rep. 469; Andrews v. Gillespie, 47 N. Y. 487; Oceanic Steam Navigation Co. v. Compania Transatlantic Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685; Id., 144 N. Y. 663, 39 N. E. 360; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422; Kelly v. Forty-Second St., etc., Ry. Co., 37 App. Div. 500, 55 N. Y. Supp. 1096; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712.

Appellants also claim that the judgment is not binding because the issues were referred, and, the action being in tort, they were triable before a jury. Assuming that it is a case where the defendants could be bound by the judgment, they would have had a right to come in, and assume the defense of the action, and, having failed to do so, they left the conduct of the action to the plaintiffs, and are bound by any judgment which is the result of any trial recognized by the law, in the absence of fraud or collusion.

The appellants also contend that they are not liable over to the plaintiffs for the reason that the parties are joint tort feasors. This position is likewise untenable. The mere statement of the case, as already made, would seem to be an answer to this claim on the part of the appellants. The plaintiffs, as between them and their tenants, were obligated to make the repairs; and, so far as Blumenthal

& Co. were concerned, the plaintiffs were liable, as if they had undertaken the repairs, although, as matter of fact, as between the plaintiffs and these defendants, there was and could be no negligence on the part of the plaintiffs, for they in no manner participated in making the repairs, and delegated over to these defendants, under the clause of their lease, the performance of the duty which the plaintiffs owed to their tenants, and which these defendants owed to the plaintiffs, and the performance of which these defendants undertook, but allowed the work to be conducted negligently. It is to be borne in mind that we are not dealing with the question, nor did we on the appeal in favor of Blumenthal & Co., as to the measure of damages in case the repairs had not been undertaken by the landlords. The repairs were so undertaken, and the damages were caused by the manner in which the work was done. The workmen were not in the employ of the plaintiffs, and no contractual relation existed between them. Strictly speaking, the workmen were not in the employ of the defendants, but the defendants instigated their employment by the insurance company for the purpose of fulfilling the obligation owing by the defendants on their covenant with the plaintiffs. The defendants led the plaintiffs to believe that they would make the repairs, and the insurance company, at their behest, commenced the work. Although the defendants did not control the manner of performance of the work, they, in a sense, supervised it; and, having undertaken the repairs, even though they delegated the work to the insurance company, it was their duty to see that the opening in the roof was not left unprotected, and for a failure to perform that duty they would have been liable to Blumenthal & Co., notwithstanding that the latter were not their direct tenants. Sulzbacher v. Dickie, 6 Daly, 469; Brennan v. Ellis, 70 Hun, 472, 24 N. Y. Supp. 426; Randolph v. Feist, 23 Misc. Rep. 650, 52 N. Y. Supp. 109; Wertheimer v. Saunders, 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146. It thus clearly appears that, as between the plaintiffs and defendants, the primary duty of protecting the opening in this roof made by the insurance company's contractor, acting under the policy of insurance held by the defendants, rested upon the latter.

If the plaintiffs' goods have been damaged, the liability of the defendants therefor would be clear. Plaintiffs, instead of occupying the premises themselves, permitted Blumenthal & Co. to enter, with the defendants' knowledge, consent, and acquiescence; and, relying upon the defendants' covenant with them, they covenanted over in like manner with Blumenthal & Co. concerning the repairs to the roof. It is unnecessary to decide whether the covenant of the defendants ran with the land, or whether the defendants would have been liable over to the plaintiffs for any judgment recovered by Blumenthal & Co. on account of costs and expenses incurred in making repairs which, as to Blumenthal & Co., it was the duty of the plaintiffs to make, and, as between the plaintiffs and defendants, it was the duty of the latter to make. The decision of that question would not necessarily be decisive of this, for here, by the action of Blumenthal & Co., the plaintiffs' liability has been predicated, not upon the covenant in the lease, but on account of failure to perform the duty of

protecting their tenants' goods from damage by the elements while making repairs which they had undertaken, and delegated to these defendants, who in turn assumed the obligation and proceeded with the work. The plaintiffs were not personally negligent; but, as to their tenants, having delegated the duty which they owed of making these repairs, they were held responsible for the manner in which the work was done. It seems to us clear that the defendants are liable over to the plaintiffs, and it is not material to inquire whether this liability arises through the plaintiffs being subrogated, by satisfaction of the judgment, to the cause of action which Blumenthal & Co. had against the defendants, or by reason of the defendants' negligence in failing to protect the roof while fulfilling their covenant with the plaintiffs, by which negligence the goods of the tenants of the plaintiffs became damaged, and the plaintiffs became liable therefor on account of having made a similar covenant with their tenants, relying upon the covenant of the defendants to them.

The remaining question is whether the defendants are bound by the judgment recovered against the plaintiffs, both as to the amount of damages, and as to the fact that Blumenthal & Co. were not guilty of negligence which contributed to the damages. These questions were directly involved in the action by Blumenthal & Co. against the plaintiffs, and appear to have been fully litigated therein. If the defendants are liable over to the plaintiffs for the damages which the plaintiffs have necessarily sustained in consequence of the acts of the defendants concerning these repairs, it would seem that the defendants should be concluded by the judgment against the plaintiffs, recovered in an action of which the defendants had notice and an opportunity to defend. If this be not so, the question of the amount of damages and of the negligence of Blumenthal & Co. is still open to litigation, and there is no certainty that the determination of these questions in this action would be the same as in the former suit. The defendants, being liable over to the plaintiffs, had a right, upon being notified of that action, to assume charge of the defense of the same in all material respects, and to insist upon a jury trial, and to present any evidence that they might have tending to show that they were not negligent, or that Blumenthal & Co. were, or in reduction of damages. The theory of the rule that a party who is liable over, and has notice and an opportunity to defend an action, is bound by the judgment, is not limited to cases of direct liability or suretyship, or those where the liability is predicated upon the same contract or duty. The rule is based on sound public policy, in order that different judicial decisions may not be made on the same state of facts, and to prevent the same questions being litigated over and over in different suits; and it applies where any privity exists between the parties, by which one is liable over to another. Carleton v. Lombard, Ayres & Co., supra; Robbins v. Chicago, supra; Kelly v. Forty-Second St., etc., Ry. Co., supra. It is not essential that the party who is ultimately liable shall be liable on the same contract, or could have been held liable in the former action, or that he shall be directly a party to the transaction by which the person to whom he is liable over becomes obligated. It is sufficient that, between him and the

party sued, the duty for a violation of which the action is brought rests primarily upon him, and that the material facts have been litigated in the former action, of which he had notice and an opportunity to defend.   Carleton v. Lombard, Ayres & Co., supra.

No other question presented requires special consideration.

It follows that the judgment and order should be affirmed, with costs.   All concur, except VAN BRUNT, P. J., and PATTERSON, J., who dissent.

