## MAY v. POLUHOFF.

(Supreme Court, Appellate Term. January 21, 1910.)

1. LANDLORD AND TENANT (§ 5*)—CREATION OF RELATION—CONTRACT FOR ADVERTISING.

A contract for the privilege of maintaining a sign did not create the relation of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 3, 8; Dec. Dig. § 5.*]

2. JUDGMENT (§ 699*)—CONCLUSIVENESS—PARTY CONCLUDED.

After defendant had granted to plaintiff a certain advertising privilege, plaintiff was sued by A., claiming superior title to the privilege, and gave notice of the suit to defendant, who told plaintiff to defend. Held, that defendant was bound by the judgment therein for the value of the privilege at a certain rate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1223, 1224; Dec. Dig. § 699.*]

3. DAMAGES (§ 120*)—MEASURE—BREACH OF CONTRACT.

Where defendant granted to plaintiff a certain advertising privilege, for which a third party subsequently successfully asserted a superior title, defendant's liability in damages was the value of the privilege.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 291; Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Solomon May against Stephen A. Poluhoff. Judgment for defendant. Plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John H. Regan, for appellant.
Abraham Kalisky, for respondent.

LEHMAN, J. In the case of May v. Breunig (Appellate Term, November, 1909) 120 N. Y. Supp. 98, we held that a contract for the privilege of maintaining a sign did not create the relation of landlord and tenant, and the measure of damages for its breach is the value of the contract. In that case there was no evidence from which the court could approximate its value. In this case, however, we have evidence that the plaintiff was sued in the Municipal Court by a third party for the value of the advertising privilege which had been granted by the defendant. The plaintiff in that action was a party claiming superior title to that of this defendant. This defendant had notice of that suit and told the plaintiff to defend it. He was liable to the plaintiff for the value of the advertising privilege, if in fact he had no right to grant it. Under those circumstances, having notice of the action, he was bound by the judgment there rendered. See Prescott v. Le Conte, 83 App. Div. 482, 82 N. Y. Supp. 411, affirmed without opinion 178 N. Y. 585, 70 N. E. 1108. In that action judgment was rendered against this plaintiff for the value of the advertising privilege at the rate of $50. The trial justice, therefore, should have given judgment for the plaintiff herein in at least the sum of $50.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.