(77 Misc. Rep. 108.)

## SIMPSON et al. v. PILPOUL.

(Supreme Court, Appellate Term. June 21, 1912.)

1. PAWNBROKERS (§ 5*)—CONVERSION—LIABILITY.

A pawnbroker, receiving diamonds from a pawnor, issued to him a pawn ticket. Subsequently he issued a second ticket to a third person, who represented that she was the owner of the diamonds, and thereafter he permitted the third person to redeem them, relying on an affidavit averring ownership by the third person. Judgment was rendered against the pawnbroker for conversion in favor of the pawnor's wife; she establishing ownership. *Held,* that the third person was liable to the pawnbroker for the damages occasioned to him by his reliance on the affidavit inducing the delivery to the third person.

[Ed. Note.—For other cases, see Pawnbrokers, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. JUDGMENT (§ 707*)—CONCLUSIVENESS.

Where a pawnbroker, against whom a judgment was rendered for the conversion of a pledge by the delivery thereof to a third person, sued the third person, the judgment roll in the action against the pawnbroker was admissible to show his reliance on the representations of the third person claiming ownership, and that he had suffered damages, but was

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 625.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not conclusive on the third person on the issue of his right to the possession of the pledge, where he had not been notified to come in and defend the action, though he appeared as a witness for the pawnbroker, but without being given the right to take charge of the defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John F. Simpson and another, doing business as J. Simpson & Co., against Bertha Pilpoul. From a judgment of the Municipal Court for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Spiro & Wasservogel, of New York City, for appellant.
Clarence K. McGuire, of New York City, for respondents.

LEHMAN, J. The plaintiffs, pawnbrokers, received three diamond rings from a man named Brodsky, and issued a pawn ticket to him. Thereafter the defendant, a sister of Brodsky, claiming that she was the owner of the rings and that she had lost the pawn ticket, applied to the plaintiffs for a second or stop ticket, as provided by section 44 of the General Business Law (Consol. Laws 1909, c. 20). The plaintiffs issued such a ticket to defendant, and thereafter, on presentation of the ticket so issued, permitted the defendant to redeem the diamonds, at the same time receiving from her an affidavit setting forth her ownership of the rings and her loss of the ticket. After the plaintiffs had parted with possession of the rings, Brodsky's wife presented the original ticket, and demanded the rings. When the plaintiffs failed to deliver the rings to her, she brought an action against them for conversion. The sole issue raised by the pleadings in that case was the title of Mrs. Brodsky to the rings. The plaintiff in that case testified that the rings belonged to her. The defendants in that case produced the defendant in this case as their witness, and she testified that the rings belonged to her. The jury decided the issue of fact raised by the conflict of testimony against the plaintiffs in this case and the defendants in that action. Thereupon they commenced this action against this defendant to recover the damages which they have suffered by reason of her claim that the rings belonged to her.

[1, 2] Having secured the rings by means of an affidavit setting forth that they belonged to her, if that affidavit was false, she was bound to respond to the plaintiffs for the damages naturally occasioned to them by their reliance upon the allegations of the affidavit. Upon the trial of the action brought for this relief, the plaintiffs introduced in evidence the judgment roll in the action brought by Mrs. Brodsky against them. The judgment roll was properly admitted in evidence to establish that, by reason of their reliance on the allegations of defendant's affidavit, they had suffered damages. The trial justice, however, not only admitted the judgment roll as evidence of

plaintiffs' claim, but held that the judgment roll in that action was conclusive upon this defendant upon the issue of her right to the possession of the rings. In this ruling, I think the trial justice was in error.

The general rule is, undoubtedly, that a judgment is binding only upon the parties to the action and those claiming in privity with them. This defendant was not a party to that action, nor in privity with these plaintiffs. She claims an absolute right to the rings now in her possession, and she claims to have derived this right from neither of the parties in that action. It is true that she is, in law, liable to the defendants in that action for any damages which they might be obliged to pay, if it be established that the rings belonged to the plaintiff in that action. Since the real issue in that action was whether or not the rings belonged to the defendant in this action, it might well be that the defendants in that action might have given her notice to come in and defend that action, and in that event the judgment would have been conclusive against her. Prescott v. Leconte, 83 App. Div. 483, at page 487, 82 N. Y. Supp. 411, and cases therein cited, affirmed without opinion 178 N. Y. 585, 70 N. E. 1108. No definite form of notice is necessary, and the plaintiffs claim that the fact that the defendant was produced as a witness was sufficient notice to her. The mere fact, however, that she was a witness, gave her no right to produce, examine, or cross-examine witnesses, or to control the proceedings in any way, and this is a very material right if she is to be bound by the judgment. If the judgment is to bind the party ultimately liable, the notice must be sufficient to enable her to exercise an option whether she will take charge of the defense, and no such notice was shown in this case. The proceedings of these plaintiffs show no willingness to allow her to take charge of the defense in that case, and did not even apprise her that the sole issue they wished to raise was her right to possession. It may well be that, in addition to showing facts on this issue, they desired to rest upon some defect in the title of the plaintiff in that action.

The defendant herein moved to set aside the judgment in the court below upon these contentions, but the trial justice denied the motion on the authority of Railroad Equipment Co. v. Blair, 145 N. Y. 607, 39 N. E. 962. That case, however, is not in point. In that case the plaintiff in a replevin suit was permitted, as part of its chain of title, to show a judgment in another action. The court said:

"The former judgment in this case operated as a transfer from the Construction Company to the Car & Equipment Company of all its rights, and has the same force as if it had been made by an instrument in form executed by the Construction Company to the plaintiff in the judgment."

The court itself interpreted the effect of the admission of the judgment, stating:

"The real right in issue in this case was not affected by the former judgment. It did determine, however, as between these parties, that the plaintiff stood in the shoes of the Construction Company."

In the same manner, the judgment in the action between these plaintiffs and Mrs. Brodsky conclusively established that the plaintiffs are

standing "in the shoes of" Mrs. Brodsky. It does not affect the real issue in this case, viz., whether the diamond rings actually belonged to Mrs. Brodsky or to this defendant.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.