(80 Misc. Rep. 675.)

## CLUTSAM v. CHAPMAN.

(Supreme Court, Appellate Term, Second Department.    May 23, 1913.)

JUDGMENT (§ 668*)—RES JUDICATA—QUESTIONS CONCLUDED.

> Where a tenant, defending an action for rent on the ground of eviction, served on a subtenant, who had vacated the premises, a copy of the answer and notice to come in and defend or assist in the defense, and the subtenant appeared as a witness and testified to the condition of the premises at and before the time he vacated them, a judgment for the landlord conclusively established the liability of the subtenant for rent.
>
> · [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1181–1183, 1188; Dec. Dig. § 668.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by H. Stanley Clutsam against Charles McC. Chapman. From a judgment for defendant, plaintiff appeals.    Reversed.

See, also, 138 N. Y. Supp. 247.

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Charles C. Bunker, of Far Rockaway, for appellant.

Kindleberger & Robinson, of New York City (E. Crosby Kindleberger, of New York City, of counsel), for respondent.

CRANE, J.   On September 6, 1911, the Varuna Investing Company by written instrument leased to Elizabeth F. Dalton an apartment in the building 225 West Eightieth street, Manhattan, agreeing to furnish steam heat and keep the apartment warm during the winter months.   In November, 1911, Elizabeth F. Dalton sublet, with the approval of the Varuna Investing Company, the apartment furnished to Charles McC. Chapman for the term of 5½ months, also covenanting to furnish steam heat during the winter months.   In March, 1912, Chapman moved out, claiming to have been evicted by the cold and failure of the steam radiators to work, and refused to pay the rent to Elizabeth F. Dalton for the months of March and April.   She in turn refused to pay the Varuna Investing Company, and was sued by it on her lease for the rent due, and judgment was rendered by default against her.

Thereupon Elizabeth F. Dalton, through her assignee, Clutsam, brought action against Chapman for the rent due upon the sublease, in which action he set up the defense of eviction through failure to provide heat in the winter months.   Upon the trial there was received in evidence, as binding upon Chapman, the default judgment recovered against Dalton, whereupon judgment was given for the plaintiff. This was reversed upon appeal to the Appellate Term, upon the ground that the judgment was not binding upon him, as it did not appear that the question of eviction was litigated in the action of Varuna Investing Company v. Dalton, and a new trial was granted.   Before this case of Clutsam v. Chapman came on for a retrial, Elizabeth F. Dalton applied to have her default opened and the judgment set aside in the case of the Varuna Investing Company against her, which be-

---

ing granted, she set up as a defense to the demand of payment for the months of March and April the eviction of her subtenant, Chapman, by reason of the cold and failure of the steam plant to furnish heat. She also served upon Chapman a copy of her answer and a notice to him to come in and defend, or assist her to defend, and that if he failed so to do, and judgment should go against her, she would hold him liable upon his sublease for the rent during these same months. Chapman, upon the trial, appeared as a witness and testified to the condition of the apartment at and before the time he left it in March, but took no further action to assist the defense. Judgment was rendered for the Varuna Investing Company, adjudging that neither Elizabeth F. Dalton not her subtenant, Chapman, had been evicted, and awarding the plaintiff a sum equal to the two months' rent.

Thereafter Elizabeth F. Dalton, through her assignee, Clutsam, brought on this action against Chapman for a retrial, and offered in evidence the judgment referred to and proof that the issue of eviction had been litigated upon that trial. The record at this point is decidedly unsatisfactory, for it is very uncertain as to whether the trial judge excluded the evidence, or whether the plaintiff's counsel withdrew it; but we are of the opinion that it was rejected on the ground that it was not evidence against the defendant Chapman, or that it was withdrawn only after such a ruling had been made. The evidence upon this retrial is entirely different from what it was on the first trial; for it now appears that the same question was litigated and decided in the action of the lessor against the lessee as is now sought to be litigated in this action by the lessee against her subtenant, viz., the question of eviction because of the failure to furnish heat, and it also appears that the subtenant had notice of this action and of the defense to be interposed, and knew that the lessee must rely upon him and his witnesses to establish such a defense, and that he was called upon to make the defense or assist in it. Further, he did appear and assist by his presence and testimony in the defense of that action upon that issue.

Under these circumstances the judgment in that case, and proof that the issue litigated was the same, together with the notice to him to come in and defend, were all competent evidence in this action, and should have been received as binding upon him. Prescott v. Le Conte, 83 App. Div. 482, at page 490, 82 N. Y. Supp. 411; Simpson v. Pilpoul, 77 Misc. Rep. 108, 136 N. Y. Supp. 46; Carleton v. Lombard, 149 N. Y. 137, at pages 151 and 152, 43 N. E. 422; Kelly v. Forty-Second St. R. R. Co., 37 App. Div. 500, 55 N. Y. Supp. 1096; Robbins v. Chicago, 71 U. S. (4 Wall.) 657, at pages 672 and 673, 18 L. Ed. 427. In the proper administration of justice, our practice could not permit of a recovery, under the circumstances above stated, of a judgment against Elizabeth F. Dalton by her lessor, upon the ground that there had been no eviction of her sublessee, and then allow her to be defeated in her suit against her sublessee, upon the ground that there was such an eviction, where the sublessee had been given notice of the first action and an opportunity to defend. In other words, there should not be conflicting judgments upon the same issue.

For the reasons herein expressed, the judgment for the defendant

is reversed, and a new trial ordered.  In the discretion of the court, no costs are awarded, pursuant to section 310 of the Municipal Court Act (Laws 1902, c. 580).  All concur.