## FERNBACH v. STEIN.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

**1. COVENANTS (§ 121*)—EVIDENCE—JUDGMENT—CONCLUSIVENESS.**

Where defendant sold certain property to plaintiff with a covenant against incumbrances, a judgment subsequently rendered, foreclosing a mortgage on the property in a suit to which defendant was not a party, was unavailable to show a breach of the covenant, in the absence of proof that defendant had notice of the action and an opportunity to defend.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 221–223; Dec. Dig. § 121.*]

**2. COVENANTS (§ 121*)—EVIDENCE—JUDGMENT—CONCLUSIVENESS—NOTICE TO DEFEND.**

Where defendant was not a party to a suit to foreclose a mortgage on certain property which she sold to plaintiff with a covenant against incumbrances, evidence that defendant's brother was a witness in such suit was insufficient to show that defendant had notice thereof and an opportunity to defend.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 221–223; Dec. Dig. § 121.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Fernbach against Rebecca Stein. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles Liebling, of New York City, for appellant.

Bernard H. Sandler, of New York City, for respondent.

LEHMAN, J. The defendant appeals from a judgment in favor of the plaintiff. Her first contention is that the plaintiff defaulted previous to the trial, and the default was opened only upon condition, and that the plaintiff did not comply with this condition. The record does not disclose the proof that was presented to the trial judge upon the motion to strike from the calendar, and upon this record I think that we are bound to presume that the case was regularly on the calendar.

Although the record states that the action is brought upon a verified complaint, no complaint or answer appears among the papers. At the trial, however, the trial justice asked the parties for a statement of their case. The plaintiff's counsel then stated:

"The defendant sold the plaintiff a store, and in the bill of sale there is a covenant that it is free and clear of all incumbrances. After the plaintiff took possession, an action was brought by a mortgagee, and the suit was defended in this court, and the judgment roll is here, and as a result of the suit plaintiff was compelled to pay the money for which he is now suing and seeks to recover."

[1] Obviously, if the plaintiff seeks to show that the defendant's covenant was broken merely by proof of the judgment roll of an action brought by the mortgagee, he must first show that the defendant is bound by that judgment. The defendant was not a party to the action, and is therefore bound by it only if she has received notice of the action, and an opportunity to come in and defend. In spite of the fact that no evidence of such notice and opportunity was presented, the trial justice admitted in evidence the judgment roll in the earlier action, and, when a brother of the defendant admitted that the plaintiff took him as a witness to court when the action was tried, the trial justice granted judgment for the plaintiff, stating:

"I find as a matter of fact that the defendant Stein knew all about this previous judgment and the action when it was tried."

[2] While it has been frequently held that where a person ultimately has notice of the commencement of an action, and an opportunity to defend the same, this is sufficient so far as notice is concerned, without any express notice to defend, to make the judgment binding upon him (Prescott v. Le Conte, 83 App. Div. 482, 82 N. Y. Supp. 411, and cases there cited, affirmed 178 N. Y. 585, 70 N. E. 1108), it has never been held that a judgment is binding upon the parties unless reasonable notice and reasonable opportunity to defend has been given (see Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 144 N. Y.

663, 39 N. E. 360). For this purpose proof merely that a brother of defendant was taken to court as a witness seems to me palpably insufficient.

It follows that judgment in this action based upon a judgment roll, not binding on the defendant, should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.