COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant, *v.* CAPITAL CITY SURETY COMPANY and Others, Respondents.

First Department, December 7, 1928.

*Daniel Mungall*, for the appellant.

*Bernard L. Spiegel*, for the respondents.

MERRELL, J.  The action is in equity, and, as a part of the relief demanded, plaintiff asks for an injunction *pendente lite* restraining the defendants Walter Feder by his guardian *ad litem*, Isidor Feder, and Isidor Feder, individually, from issuing executions against the property of the Ambassador Holding Corporation, and from collecting certain judgments held by the said Feders against the Ambassador Holding Corporation and one Simon Gluckstern out of the property of the said Ambassador Holding Corporation. After the dismissal of the plaintiff's complaint the plaintiff made an independent motion that a temporary injunction issue, which motion in turn was denied at Special Term, the same justice sitting in both motions.

The facts, briefly, are as follows:  The plaintiff issued its policy of liability insurance whereby it agreed to indemnify the said Ambassador Holding Corporation against loss by reason of legal liability.  The Ambassador Holding Corporation owned a building at 2851–2857 Valentine avenue, New York city.  It leased a store in said building to the defendant Gluckstern.  Under the terms of the lease Gluckstern agreed to keep in repair the glass windows in the store leased to him and to indemnify the Ambassador Holding Corporation, his lessor, from liability for any injury.  A window in the store leased to the defendant Gluckstern became out of repair, the glass fell out and injured the infant defendant Feder.  As the result of the injury sustained, the infant defendant, by his father and guardian *ad litem*, sued to recover damages for the injuries sustained.  The father also brought an independent action to recover for expenses attendant upon the injuries suffered by his infant son.  The actions were brought by the Feders against the Ambassador Holding Corporation, as the owner of the property, and against Gluckstern, the lessee, whose negligence caused the injuries of which the plaintiffs complained.  In these actions the Feders, both son and father, recovered judgments against the Ambassador Holding Corporation and against Gluckstern in the sums of $6,149.75 and $1,649.75, respectively.  By the judgments Gluckstern was held liable because of his failure to keep the glass window in repair, he being in control of the premises at the time. The Ambassador Holding Corporation was held liable because, as owner of the premises, it was responsible to the public, and, although the lease provided that Gluckstern should indemnify the owner from liability, it could not thereby escape liability to the Feders. Appeals were taken from the judgments obtained by the Feders,

and both were affirmed by this court. (*Feder* v. *Ambassador Holding Corp.*, 223 App. Div. 752, 753.)

It is the contention of plaintiff that Gluckstern was liable over to the Ambassador Holding Corporation under the provisions of the lease which it granted to him. According to the allegations of the complaint, the plaintiff offered to pay the full amounts of the Feder judgments if the Feders would in turn assign their judgments to the plaintiff. This the Feders refused to do. The object in asking assignments of the judgments, instead of satisfying the same, was not alone to hold Gluckstern liable to the plaintiff as surety for the Ambassador Holding Corporation and, therefore, entitled to be subrogated to any rights of the Ambassador Holding Corporation as against Gluckstern, but, also, to enable the plaintiff, under such subrogation, to collect of the defendant Capital City Surety Company, which had executed an undertaking to perfect the appeal of Gluckstern from the Feder judgments. The amended complaint states at length the express terms of the lease whereby Gluckstern assumed the duty of repairing any damage to the glass in the store and to indemnify the landlord from any liability for injury occurring on the sidewalk in front of the premises for any cause whatsoever, and to hold said owner harmless therefrom. It appeared at the trial that Gluckstern was primarily responsible to the Feders for the injuries sustained, as he was in control of the window and under duty to keep it in repair, and that the injuries were sustained as the result of his failure to perform his duty in that respect. The Ambassador Holding Corporation, the landlord and plaintiff's assured, was held liable as the owner of the premises, the court holding that the landlord could not escape liability by reason of the obligation of Gluckstern to keep the property in repair. There was nothing shown upon the trial that the owner had created any nuisance, and it fairly appeared that the only connection that the owner had with the building was that of owner and lessor. Gluckstern was the person actively negligent and in control of the premises and primarily responsible for the injuries sustained. The Ambassador Holding Corporation was only secondarily liable by reason of constructive negligence. It is the contention of the plaintiff that under such circumstances the owner is entitled to recover over as against Gluckstern, who was primarily liable. As before stated, the defendant Capital City Surety Company executed its undertaking on appeal on behalf of the defendant Gluckstern from the Feder judgments, and having issued its undertaking to secure the payment of the judgments against Gluckstern, the plaintiff seeks to have the judgments assigned to it in order that it may collect the judgments against said surety company

and its principal, Gluckstern. The Capital City Surety Company undertook to be liable for the judgments against Gluckstern, who was primarily liable and the only person charged with active negligence. The plaintiff joined the Feders as defendants in the present action that they might be compelled to accept payment of the judgments and assign the same to the plaintiff. The plaintiff as an indemnity insurer and as surety upon the undertaking given on appeal by the Ambassador Holding Corporation from the Feder judgments, is entitled to be subrogated to all the rights of the Ambassador Holding Corporation, the owner of the premises. (*Ocean A. & G. Corp.* v. *Hooker Electrochemical Co.,* 240 N. Y. 37, 47; *Wanamaker* v. *Otis Elevator Co.,* 228 id. 192; *Lord & Taylor, Inc.,* v. *Yale & Towne Mfg. Co.,* 230 id. 132.) Certainly the owner has the right to recourse over against its lessee, who was primarily liable and who agreed to save the owner of the property harmless. It also had a right of action against the lessee's surety under its undertaking to pay the judgments. (*Hinckley* v. *Kreitz,* 58 N. Y. 583, 591.) This action is in equity and is primarily to compel the Feders to assign the judgments in order that the plaintiff may be subrogated to the rights of the assured. It is necessary to keep the judgments alive in order that Gluckstern's surety, the Capital City Surety Company, may not have its liability canceled by having the judgments satisfied. It is also necessary to have subrogation decreed to prevent the levying of execution against the property of the Ambassador Holding Corporation. According to the allegations of the complaint the plaintiff stands willing to pay the judgments, only requiring that the judgments be assigned to it for its protection. It is only through the granting of a temporary restraining order that the plaintiff is entitled to relief. If the Feders are permitted to collect the judgments through the issuance of executions against the owner, the result will be that the judgments will be satisfied out of the property of the Ambassador Holding Corporation, the owner of the property, and having been satisfied, the Capital City Surety Company will escape liability. According to the allegations of the complaint, the Feders have threatened to issue executions against the Ambassador Holding Corporation and thereby collect the whole amount of the judgments from the said Ambassador Holding Corporation, unless it or the plaintiff herein, as its insurer, pay one-half of the amount of the judgments in satisfaction thereof and in addition release the defendant Gluckstern from his liability over to the plaintiff and to the Ambassador Holding Corporation.

There can be no question as to the liability of the real tort feasor, Gluckstern, over to the Ambassador Holding Corporation, which

has been held to have been only constructively and secondarily negligent. (*City of Brooklyn* v. *Brooklyn City Railroad Co.*, 47 N. Y. 475; *Prescott* v. *LeConte*, 83 App. Div. 482; *Phœnix Bridge Co.* v. *Creem*, 102 id. 354; affd., 185 N. Y. 580; *City of Rochester* v. *Campbell*, 123 id. 405.)

There is no question whatever that the plaintiff, as the insurer and as surety for the Ambassador Holding Corporation, is subrogated to its rights as against Gluckstern, the lessee. It was said by Chief Judge HISCOCK in *Ocean A. & G. Corp.* v. *Hooker Electrochemical Co.* (*supra*, at p. 47): " It is so well settled as not to require discussion that an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party for its default or wrongdoing. This right of subrogation is based upon principles of equity and natural justice. We recognize at once the fairness of the proposition that an insurer who has been compelled by his contract to pay to or in behalf of the insured claims for damages ought to be reimbursed by the party whose fault has caused such damages and the principle of subrogation ought to be liberally applied for the protection of those who are its natural beneficiaries. Under the circumstances presented in this case the right is in some of its results not different than would be the assignment by the insured of its right of action against the primary wrongdoer for the fault which has caused the damages which have been paid by the insurer. (*Hart* v. *West. R. R. Corp.*, 13 Met. 99.) The subrogee acquires rights which as between it and the insured are beyond the power of cancellation and destruction by the latter and under our practice is entitled to enforce these rights by an action in its own name and without joining the insured as a party. (*Lord & Taylor, Inc.*, v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132.) "

An appeal was taken to this court from the denial of the plaintiff's motion for a temporary restraining order, and in a decision made by this court in November (*Commercial Casualty Ins. Co.* v. *Capital City Surety Co.*, 224 App. Div. 500) it was unanimously held that the restraining order should have been granted at Special Term, and the order denying the plaintiff's application therefor was reversed. An opinion was written by Mr. Justice PROSKAUER of this court, in which his four associates then sitting concurred, which, I think, covers every question presented upon this appeal, and enunciates the doctrine that the plaintiff, as indemnity insurer, will, by payment of the judgments, be subrogated to all the rights of the assured, the Ambassador Holding Corporation, including its right of action over against Gluckstern.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendants' motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer within twenty days from service of order upon payment of said costs.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants, respondents, to answer within twenty days from service of order upon payment of said costs.