## FAKE v. SMITH.

### June, 1869.

Plaintiff purchased a note from defendants, who were the payees therein, upon which he sued the makers, who set up the defense of usury. He served a copy of the summons, complaint, and answer in that action upon defendants in this action, with a request that they assume the prosecution of that action, which they neglected or refused to do. It was referred, and tried, the defendants being sworn as witnesses on behalf of plaintiff. The referee reported in favor of the makers, upon which report judgment was perfected. Plaintiff paid the costs recovered against him, also those of his own attorney, and served a copy of the report and judgment upon defendants, demanding the amount of

the note, the costs recovered against him by the makers thereof, and the amount of statutory costs paid his own attorney.—*Held*,

1. That there was an implied warranty by defendants, on the sale of the note, that there was no legal defense to an action upon it.

2. That, having had notice of the defense interposed, and an opportunity to prosecute the action to judgment, they were estopped from showing, on the trial of the action upon such warranty, that the note was not in fact usurious.

3. That a *plaintiff* may avail himself of the right to cast the burden of an action upon his vendor, in the same manner as a *defendant*.

4. That the judgment upon the report of the referee was admissible in evidence against these defendants, and was as conclusive upon them as if plaintiff had not consented to a reference of the action, but had tried the issues at the circuit before a jury.

5. That plaintiff was entitled to recover the several items claimed.*

Isaac W. Fake (for whom, on his death pending the action, Kate F. Fake, administratrix, was substituted), sued John C. Smith and Hiram R. Wood, on a warranty upon a sale of a note by defendants to plaintiff's intestate.

The note, for three hundred and thirty dollars, was made by Baldwin & Fake, March 24, 1858, payable to defendants, or order, one year after date. Plaintiff's intestate purchased it of defendants May 18, 1859, paying them the face, with interest. He commenced an action thereon against the makers, February 8, 1862, when they set up as a defense that it was given under an agreement made in this State in March or April, 1857, with defendants in this action, that defendants should loan them two thousand dollars, for which they should give a good indorsed note, payable ninety days after date, but to run a year. That the makers should transport the money to Iowa, their place of business, and there loan it at forty per cent. per annum, and that after deducting the seven per cent. legal interest on the two thousand dollar note, pay defendants one-half the balance between that and the forty per cent. The arrangement was consummated, and the makers paid the two thousand dollar note and interest. About a year thereafter, although the makers had collected neither principal nor interest, they gave the note

* Compare Wells *v*. Mann, 45 *N. Y.* 327; Andrews *v*. Gillespie, 47 *Id.* 487. Calling the guarantor as a witness, is not, alone, enough. Barmon *v*. Lithauer vol. 1, p. 99, of this series.

in controversy for sixteen and one-half per cent. on the two thousand dollars.

After issue joined in the action against Baldwin & Fake, plaintiff's intestate served upon Smith and Wood, defendants in the present action, a copy of the summons, complaint and answer in the action against Baldwin & Fake, with notice of the action, and requested them to assume the prosecution thereof. They declined so to do. The cause was tried, both of the defendants in the present action being sworn as witnesses on the part of the plaintiff in that action. The referee found the facts as claimed by the makers; that the note was usurious by the laws of this State, and also those of Iowa; and judgment was perfected in favor of the makers against the plaintiff's intestate for ninety-three dollars and thirty cents costs, which he paid. He also paid his attorney in that action sixty-eight dollars and thirty-five cents costs, which he would have recovered had he succeeded therein. Prior to the commencement of this action plaintiff's intestate served upon the defendants a copy of the referee's report and judgment, tendered the note, and demanded of them separately the amount paid for the note, with interest, the costs recovered against him by the makers, and the amount of costs he would have recovered had he succeeded therein, which was refused.

The court directed a verdict for plaintiff for the amount claimed. Defendants' exceptions were ordered to be heard in the first instance at general term.

*The supreme court,* in an opinion by MASON, J., applied the rule that where the vendee of a chattel is sued by a third person claiming title to the property, and the vendor has notice of the action and an opportunity to defend, that the judgment against the vendee is conclusive in an action by the latter against his vendor on the implied warranty of title, although the vendor was no party to the action. Craig *v.* Ward,* 36 *Barb.* 377, 383; Burt *v.* Dewey, 31 *Id.* 540. S. P., Cooper *v.* Watson, 10 *Wend.* 203, 205; Kelly *v.* Dutch Church, 2 *Hill,* 105; 3 *Watts,* 311; 3 *Watts & Serg.* 409; 4 *Mass.* 349; 2 *Smith L. Cas.* 553, American note. If the party against whom

---

* Affirmed in this court, see report in vol. 1, p. 454, of this series.

the former judgment is sought to be used, was or had an opportunity to be heard, the matter litigated is the same, and the parties are in privity as to such matters, that is enough. 14 *N. Y.* (4 *Kern.*) 329 ; 4 *Id.* (4 *Comst.*) 71 ; 3 *Barb. Ch.* 341 ; 3 *N. Y.* (3 *Comst.*) 511 ; 7 *Barb.* 494 ; 36 *Id.* 383. And the court relied on Delaware Bank *v.* Jarvis, 20 *N. Y.* 226 ; White *v.* Madison, 26 *Id.* 117, in support of the recovery as to costs ; and held that it was no objection that the judgment in the suit against Baldwin & Fake was given by a referee, on a reference of the cause, for all issues are now referable upon the written consent of the parties. *Code,* § 270.

From judgment perfected on the verdict, defendants appealed.

*Dewitt C. Bates,* for the defendants, appellants ;—Insisted that the cases of Bank of Delaware *v.* Jarvis, and Craig *v.* Ward, were distinguishable from this case.

*N. C. Moak,* for defendant, respondent ;—Cited, Blasdale *v.* Babcock, 1 *Johns.* 517 ; Cooper *v.* Watson, 10 *Wend.* 203 ; 2 *Greenl. Ev.* § 116 ; Castle *v.* Noyes, 14 *N. Y.* (4 *Kern.*) 332, 335 ; Miner *v.* Clark, 15 *Wend.* 425 ; Delaware Bank *v.* Jarvis, 20 *N. Y.* 227 ; Fay *v.* Ames, 44 *Barb.* 327 ; Beers *v.* Pinney, 12 *Wend.* 309, 310 ; White *v.* Madison, 26 *N. Y.* 129 ; Thomas *v.* Hubbell, 18 *Barb.* 9 ; Kettle *v.* Lipe, 6 *Id.* 467 ; Wright *v.* Whiting, 40 *Id.* 235 ; Howe *v.* Buffalo R. R. Co., 38 *Id.* 124 ; 37 *N. Y.* 297, 299 ; Burt *v.* Dewey, 31 *Barb.* 540 ; Craig *v.* Ward, 36 *Id.* 383, and cases cited ; Castle *v.* Noyes, 14 *N. Y.* (4 *Kern.*) 332, 335 ; 12 *Vt.* 381 ; *Sedgw. on Dam.* 295, marg. p. ; Shorter *v.* People, 2 *N. Y.* (2 *Comst.*) 193 ; Neff *v.* Clute, 12 *Barb.* 466 ; Rider *v.* Pond, 19 *N. Y.* 262 ; Walrod *v.* Ball, 9 *Barb.* 271 ; Furniss *v.* Ferguson, 15 *Id.* 437 ; 34 *Id.* 485, 488 ; Carman *v.* Trude, 25 *How. Pr.* 440 ; 1 *Hill,* 287 ; *Edw. on Prom. N.* 191 ; *Story on Prom. N.* § 118 ; *Story on Sales,* 3 ed. § 367 *i ;* 2 *Ell. & Bl.* 849 ; 1 *Pars. on Cont.* 5 ed. 584, note *s ;* 27 *Barb.* 652 ; King *v.* Fitch, reported in this series ; Matter of Empire City Bank, 18 *N. Y.* 217 ; People *v.* Board of Supervisors, 12 *How. Pr.* 54 ; Murray *v.* Murray, 5 *Johns. Ch.* 60 ; Jackson *v.* Marsh, 5 *Wend.* 46 ; Robbins *v.* City of Chicago, 4 *Wall.* 672–675 ;

Kellogg v. Forsyth, 24 How. U. S. 186 ; Howe v. Buffalo R. R. Co., 38 Barb. 124 ; 37 N. Y. 297 ; Barney v. Dewey, 13 Johns. 224 ; Brewster v. Countryman, 12 Wend. 450 ; Chicago City v. Robbins, 2 Black, 423 ; 4 Wall. 672–675 ; Walker v. Ferrin, 4 Vt. 523 ; Carpenter v. Pier, 30 Id. 81 ; Howe v. Buffalo R. R. Co., 38 Barb. 124 ; Rickert v. Snyder, 9 Wend. 416, 423 ; Delaware Bank v. Jarvis, 20 N. Y. 226, 228, 230 ; White v. Madison, 26 Id. 117, 129 ; Baxter v. Ryerss, 13 Barb. 267 ; 3 Pars. on Cont. 5 ed. 165, and note ; Id. 212 ; Sedgw. on Dam. 165, marg. p.

BY THE COURT—LOTT, J.—The defendants' answer shows that they were privy to the consideration of the note set forth in the complaint, and the facts and circumstances under which it was given, and transferred to Isaac W. Fake, the plaintiff's intestate (by whom this action was commenced, and who is referred to when the plaintiff is herein spoken of ), and that after the defense of usury was interposed in an action commenced by him against the makers thereof, he notified each of them by a notice in writing of the commencement of that action, and of such defense, and therewith served each of them with a copy of the summons, complaint and answer therein, and in the notice he also requested and required them to assume the prosecution of the said action, and to prosecute the same to judgment, and that they, or either of them, would be allowed to do so, but that they, and each of them, refused to comply with such request and requirement, or to have anything to do with the prosecution of the action ; that they were severally subpœnaed and sworn on the trial of the action, on behalf of the plaintiff, and that they were subsequently served with a copy of the judgment rendered against the plaintiff therein, and with a copy of the report of the referee on which said judgment was entered, and he demanded of them the amount of said note with interest, and the amount of said judgment, and his own costs and disbursements, with a reasonable counsel fee, specifying the several amounts claimed. He afterward, and before the commencement of this action, tendered to the defendants the note in question, and also at the same time demanded the return of the consideration paid therefor, and payment of such

judgment, costs, and counsel fees, but they refused to accept said note, or comply with such demand, or any part thereof.

It is further shown by the bill of exceptions that the judgment roll in said action was introduced and read in evidence, from which it appeared that the judgment was recovered on the note set forth in the complaint in this action; that the defence of usury was interposed, that the issues were duly referred to a referee to hear and decide the same, and that he, after the trial thereof, found in express terms that the said note was usurious and void, as alleged in the answer of the defendants.

It also appeared that before the commencement of this action the plaintiff had paid and satisfied the said judgment so recovered against him, together with the account of the statutory costs that would have been recoverable by him if he had succeeded in that action.

Upon these facts, the defendants moved the court to nonsuit the plaintiff on the ground that he had not shown a cause of action which entitled him to recover. That motion was denied, and then (no proof having been introduced by defendants) the court ruled and decided that the plaintiff was entitled to recover the amount he paid for the note, and interest thereon from the date of the purchase thereof, together with the amount of costs included in the said judgment, and the statutory costs to which he would have been entitled if he had obtained judgment for the note with interest on said sums respectively from the time of payment thereof. A verdict was accordingly rendered for said amount, and judgment entered thereon.

Exceptions were duly taken by the counsel of the defendants to the denial of said motion, and also to such ruling and decision; and the principal question for decision on appeal to this court is presented by these exceptions.

Upon the preceding facts the plaintiff was, within the decision of this court in the case of Delaware Bank *v.* Jarvis, 20 *N. Y.* 226, clearly entitled to recover the whole amount for which such judgment was rendered.

The material facts in that case and in this are substantially the same, and the judgment on the merits is conclusive on us.

An exception was taken to the introduction, by the plaintiff, of the judgment roll above mentioned, and to proof of payment

of the costs included therein, and of the statutory costs of his attorney, by the plaintiff.

The defendants, under the decision referred to, impliedly warranted, on the transfer of the note by them, against any legal defense to an action thereon; and having had notice of the defense interposed, and an opportunity to enforce its collection, they were, within the rule referred to by the learned justice delivering the opinion of the supreme court, and the authorities cited by him in support thereof, bound by the judgment.

I can see no ground for the defendants' objection to evidence showing the payment by the plaintiff of the judgment and costs. They constitute the damages which he was entitled to recover, and it certainly was competent, if not necessary, to prove them.

An exception was also taken, on behalf of the defendants, to the exclusion of an offer on their behalf to prove, by one of them, the true consideration of the note in question, and that the same was not usurious.

This evidence was properly excluded. They had had full opportunity to show, in the action brought against the makers, any and everything which would have entitled the plaintiff therein to a recovery. They neglected to avail themselves of it, and the judgment therein, as before stated, is conclusive on them.

It may be proper to add that the defendants' counsel, in his points, claims that proof given, on the part of the plaintiff, of the amount of his taxable costs in the action against the makers was improper, first, because they had not been taxed by a proper officer, and second, because the items should have been proven or shown to the court, and by the court passed upon as matter of law, and that it was erroneous to allow the witness to swear to a conclusion of law.

It is a sufficient answer to this position to say that neither of these grounds was stated on the trial. On the plaintiff's offering " to prove (by one of his attorneys) the amount of the plaintiff's taxable costs in that action, and the payment of the same to him by the plaintiff," the counsel for the defendants " objected to such evidence, as being illegal, incompetent, and im-

material." This objection was to the *matter* offered in proof, and not to the mode of proving·it. If the latter ground had been stated, it might have been obviated by additional evidence. It is now too late to raise that objection on appeal in this court.

It is also now claimed by the defendants' counsel that the judgment in the action on the note is not binding on them, because, it being not referable by law, was tried by a referee on an order of reference to him by consent. Such reference was allowable under section 270 of the Code of Procedure; and the counsel admits that "the parties· to the action are no doubt bound by it." This concession is properly made, and is fatal to his objection. The defendants, as well as the parties, for the reasons above referred to, are bound by the judgment.

These views lead us to the conclusion that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.