(42 Misc. Rep. 346.)

### BROWNING v. STILLWELL.

(Supreme Court, Trial Term, New York County. January, 1904.)

1. RES JUDICATA—BREACH OF COVENANT.
   After conveyance of premises by full warranty deed, the grantee brought summary proceedings against an occupant of a part thereof, who pleaded a parol lease from the grantor for a year. .The grantee notified the grantor to defend against such claim. The occupant was awarded possession. *Held*, in a subsequent action against the grantor on his covenant against incumbrances, the judgment roll and entry of judgment thereon estopped the grantor from denying the facts established thereby.

2. COVENANT—ACTION FOR BREACH—DAMAGES.
   Where land is sold with full covenants of warranty, and a portion of the premises is leased by the grantor for one year, the grantee's damages are the fair rental value of the land for the year, with attorney's fees incurred in litigation with the tenant.

Action by William C. Browning against Benjamin W. Stillwell. Verdict for plaintiff. Motion for a new trial. Denied on conditions.

Clarence E. Thornall, for plaintiff.

Reeves & Scrugham, for defendant.

CLARKE, J. The action is for breach of covenants in a full covenant and warranty deed, by which defendant conveyed the premises to plaintiff. The incumbrance complained of is an outstanding parol lease of part of the premises for one year. Verdict was directed for the sum plaintiff was obliged to pay the tenant to secure possession, plus legal expenses incurred. The defendant moves for a new trial on two grounds: (1) That it was error to admit the judgment roll and

¶ 1. See Covenants, vol. 14, Cent. Dig. §§ 222, 223.

entry of judgment in the dispossession proceedings awarding possession to the tenant as conclusive evidence of a breach of defendant's covenant against incumbrances; (2) that there is no proper evidence of damages.

It has been repeatedly held that the grantor is estopped from subsequently questioning facts adjudicated in an action brought against his grantee when the grantee had given him notice to defend such action. Miner v. Clark, 15 Wend. 425; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422; Oceanic Steam Nav. Co. v. Campania Trans. Esp., 144 N. Y. 663, 39 N. E. 360; Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550; Robbins v. Chicago City, 71 U. S. 657, 18 L. Ed. 427. In the same way the grantor is estopped from denying facts determined in an action brought by the grantee against a third party who interposes a defense adverse to the rights conveyed, provided the warrantor be given opportunity to prosecute the action. Andrews v. Denison, 16 N. H. 469, 43 Am. Dec. 565; Brown v. Taylor, 13 Vt. 631, 37 Am. Dec. 618; Fake v. Smith, 7 Abb. Prac. (N. S.) 106, 2 Abb. Dec. 76; Bell v. Dagg, 2 Thomp. & C. 623; Id., 60 N. Y. 528; Whitney v. National Bank of Potsdam, 45 N. Y. 303; Andrews v. Gillespie, 47 N. Y. 487, 492; Albany City Sav. Inst. v. Burdick, 87 N. Y. 40, 45. In the first class of cases the notice to the warrantor may be informal, and need not be in writing, provided it appear that the grantor knew of the adverse claim, and had opportunity to defend. Prescott v. Le Conte, 83 App. Div. 482, 487, 82 N. Y. Supp. 411; Barney v. Dewey, 13 Johns. 224, 7 Am. Dec. 372; and cases cited above. Following these cases, I am of opinion that notice by a grantee plaintiff to his grantor of an adverse claim of a third party set up by way of answer is sufficient, provided the warrantor be fully and fairly informed of the claim, and given an opportunity to prosecute the action in so far as it is necessary in defense of his title. The defendant herein was notified of the tenant's claim, and served with written notice that plaintiff "would hold him under his warranty, and that he would have to defend any claim of Hart as to being a yearly tenant." Thereafter plaintiff sent grantor a letter stating he "has had to commence dispossess proceedings against him [Hart]," names time and place of trial, and continues: "Under your covenant of warranty I hereby notify you to come in and defend this claim of Henry Hart that he is a tenant for a year from May 1, 1900, of the premises conveyed by you as aforesaid." The only way to defend was to aid in the prosecution. The notice was therefore substantially that the warrantor come in and aid in the prosecution of that proceeding by defending against the claim set up. Such notice was sufficient. The warrantor is responsible over to the grantee. Being an intended party, he is bound by the judgment in so far as the issues litigated are identical with the issues involved in the subsequent action. The court will not again determine the same issue already adjudicated in action in which defendant had an opportunity to protect his interests.

But a new trial must be directed unless plaintiff stipulate to reduce the verdict, because the evidence submitted will not support a verdict for the damages directed. The rule of damages is based upon the principle of indemnity. Where the grantee has received title, but is

deprived of the use because of an unexpired term, it is for the loss of this use that he is entitled to compensation. It was held in Rickert v. Snyder, 9 Wend. 416, that the extent of the term and the annual value should be the measure of damages. This case has never been questioned, and I find no other decision directly in point in the reports of this state. It has been followed in other jurisdictions, and the rule stated more precisely. "Where the incumbrance is an unexpired term or lease, the general rule, at least in the absence of any special circumstances, is that the measure of damages will be the fair rental value of the land to the expiration of the term." Fritz v. Pusey, 31 Minn. 368, 18 N. W. 94; Porter v. Bradley, 7 R. I. 538; Clark v. Fisher, 54 Kan. 403, 38 Pac. 493; Edwards v. Clark, 83 Mich. 246, 47 N. W. 112, 10 L. R. A. 659; 3 Sedg. Dam. § 969; Rawle, Cov. § 191. . In addition to the rental value of the premises, the grantee may recover the fair and reasonable counsel fees incurred in defending the title conveyed. Charman v. Tatum, 54 App. Div. 61, 66 N. Y. Supp. 275, affirmed 166 N. Y. 605, 59 N. E. 1120; Cassidy v. Taylor Brewing & Malting Co., 79 App. Div. 242, 79 N. Y. Supp. 595. Where the grantee accepts the tenancy and receives the rent, the measure of damages would be the rental value of the premises leased, less the rent thereof reserved in the lease, for the unexpired term. But the grantee is not obliged to accept the rent in satisfaction of his damages. The effect of such rule would be that an outstanding lease, in which the rent reserved equaled the market value of the use, would be no incumbrance. This is not the law. The grantee may pay off the incumbrance, and recover from the warrantor the fair value of the incumbrance, not in excess of the price paid to extinguish the incumbrance. "Where the outstanding title or the incumbrance has been obtained or removed by purchase, it is considered that the plaintiff is entitled to recover the amount which he has fairly and reasonably paid for that purpose, the burden of proof being upon him to show what the outstanding title or incumbrance was really worth; the mere fact of payment being, in general, no evidence whatever of this, and, in the absence of such evidence it seems that only nominal damages can be recovered." Rawle, Cov. § 192. In the present case the plaintiff paid the tenant to surrender the lease, and thereby extinguished the incumbrance. At the trial plaintiff submitted evidence that the term was for one year from May 1, 1900, at a rental of $80 a month, and that the sum he had to pay the tenant to secure possession was $160, being two months' rent remitted, and $850, being the sum in all of $1,010. The plaintiff was, by direction of the court, permitted to recover the amount paid the tenant. This was error. Such payment is not in itself evidence of the fair value of the unexpired term. But the rent reserved in the lease, in the absence of any proof of collusion or fraud, is some evidence of the value of the term. It is not conclusive, and plaintiff might have given evidence that the actual value of which he was deprived was more than the rent stipulated in the lease. As there was no proof that the fair value of the premises was more than the rent reserved, the rent reserved is, in this case, the only evidence of the actual value of the term, for the use of which plaintiff is entitled to recover. The plaintiff was entitled to the use on July 10, 1900, when

the premises were conveyed, and he is therefore entitled to recover the rental value from that date until the expiration of the term, May 1, 1901, being 8 months and 21 days, at $80 a month, or $774.19, with interest from date of payment; such sum not being in excess of the sum actually paid by him. The plaintiff has proved that the counsel fees paid in defending the title conveyed were a fair and reasonable charge for the services rendered. He is therefore entitled to the further sum of $125 for counsel fees, with interest thereon from the time the dispossession proceeding was commenced. A new trial will therefore be ordered, unless within 10 days plaintiff stipulates to enter an order reducing the verdict to the sum of $899.19, with interest as indicated, together with costs. The motion for an extra allowance is granted, provided such stipulation be made, and in that case defendant may have 30 days' stay and 30 days in which to make a "case."

Ordered accordingly.