### TOCH v. HOROWITZ.

(Supreme Court, Appellate Term. March 24, 1904.)

1. DEED—COVENANT EXCEPTING MONTHLY TENANCIES—BREACH.
    Where a deed conveyed tenement house properties, with a covenant that the fee was subject to certain monthly tenancies, and the vendor had agreed with the tenants that, if they should pay rent for a certain number of months, they should have the rooms for one additional month free, these were not ordinary monthly tenancies, and constituted a breach of the covenant.

2. SAME—DAMAGE.
    Where, in the sale of tenement house property, a covenant that the fee was subject to certain monthly tenancies was broken by pre-existing leases, other than monthly tenancies, the vendee, to show any damage, must prove that the rent reserved by the leases was less than the rental value of the premises.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph Toch against Isaac R. Horowitz. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Max Monfreid, for appellant.
Leon Lewin, for respondent.

BLANCHARD, J. This action was brought to recover damages for an alleged breach of contract for the sale of tenement house property in the city of New York. The contract contained a clause that the fee of the premises was to be conveyed free from incumbrances, except certain mortgages and monthly tenancies. Pursuant to the terms of this contract, a deed of the premises was delivered to the plaintiff, the purchaser, by the seller, the defendant, on or about the 30th day of April, 1903. The deed contained a covenant that the fee of the premises was subject to the mortgages and monthly tenancies as stated in the contract. It appears that prior to this conveyance the defendant, the landlord of the premises, had, in December, 1902, and January, 1903, rented apartments to seven tenants, stating in the receipts after the first month's rent that the tenants should have, later on, one month's possession of the premises free of rent—in the case of some of the tenants, the sixth month; in that of the others, the seventh month. The plaintiff's testimony shows that he knew, in a general way, of this arrangement at the time of the closing of the title and the delivery of the deed. The effect of it was that when the plaintiff demanded from these tenants the rent for those months in which, according to the terms of the receipts, they were to have possession of the apartments without payment of rent, they refused to pay. The plaintiff, so far as the record shows, made no further attempt to collect these rents from the tenants, or to dispossess them for nonpayment of rent, but brought this action for breach of the contract of sale; claiming as damages the rent of the premises for those months in which the tenants had refused to pay rent under the circumstances above stated. He recovered judgment for the full amount of these rents, and the appeal is from that judgment.

Upon the undisputed facts, it seems perfectly clear that the renting to these seven tenants was more than the ordinary renting from month to month. There is sufficient in the language and form of these receipts from which to conclude that it was the intention of the landlord and the tenants that the latter should have, in consideration of paying the rent in full for certain months, the right of possession for one further month without additional payment of rent, and that the rents so paid should include and cover the rent of this last month of the term, which was in some of the cases the sixth month, and in the others the seventh month. That this was the intention of the landlord and tenants is clearly expressed in one of these receipts, which was signed by the defendant himself, and is in the following terms:

"N. Y. Dec. 10, 1902.

"Received from B. Cohn 5⁰⁰/₁₀₀ dollars deposit for four rooms * * * balance $15.00 to be paid before Jany. 1–03. If the above said party will pay for six months rent, he will get the seventh month free."

There is nothing on the face of any of these rent receipts to show that the renting was the ordinary renting from month to month, and while it may be true that the terms of the renting allowed the plaintiff the option to remain for the full term of six or seven months, or to remove at the expiration of any month, still the landlord was bound, under the terms of the renting, to allow the tenant to remain in possession during the last month, providing the consideration for this privilege, viz., the payment of the rent for the previous months, had been received. These leases were binding on the plaintiff when he took possession of the premises under his deed, and their existence was a breach of the agreement as to the monthly tenancies, and created a good ground for bringing this action. But the plaintiff failed at the trial to prove any damage. Even if he was damaged, the extent of his recovery would be the rental value of the premises, less the rent reserved in the leases. Dodds v. Hakes, 114 N. Y. 260, 21 N. E. 398.

In Browning v. Stilwell (Jan. 9, 1904; Sup.) 86 N. Y. Supp. 707, a case much in point, Mr. Justice Clarke says:

"As there was no proof that the fair value of the premises was more than the rent reserved, the rent reserved is in this case the only evidence of the actual value of the term, for the use of which the plaintiff is entitled to recover."

In the case at bar there is no proof of such rental value, and consequently no proof that the plaintiff was damaged at all.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. SCOTT, J., concurs in the result.