HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff, *v.* THE FIRST NATIONAL BANK AND TRUST COMPANY OF HUDSON, FARMERS NATIONAL BANK, HUDSON, N. Y., and MERLON J. WHITE, Defendants.

Supreme Court, Special Term, Columbia County, March 24, 1937.

*Bender, Ford, Benson & Comstock*, for the plaintiff.

*Coffin, Coffin & Inman*, for the defendant First National Bank and Trust Company of Hudson.

*Ainsworth & Sullivan*, for the defendant Farmers National Bank of Hudson.

*John E. Mack*, for the defendant Merlon J. White.

BERGAN, J. Anna Gaddis, now deceased, was a depositor with the Hudson City Savings Institution. On the 24th day of October, 1935, she presented to the savings bank her pass book, which then disclosed a balance in the principal sum of $7,134, with an order and demand in writing for the payment of such sum. Payment was refused by the savings bank and on the same day, by the service of a summons and notice, she commenced an action for the recovery of the amount disclosed as the balance by her pass book. The complaint, later served, proceeding upon the theory of debtor and creditor, alleged that there was due her the amount of $7,134, that demand had been made and that the savings bank had refused to pay.

The answer of the savings bank admitted that it was indebted to Mrs. Gaddis in the sum of $2,134 and denied indebtedness for the residue. As a separate defense it was alleged that on the 7th day of May, 1935, Mrs. Gaddis caused to be presented to the savings bank a receipt for $5,000 executed by her with an X mark, and at the same time caused to be presented her savings bank book and requested the savings bank to pay from the account the sum of $5,000. The savings bank further alleged that it executed and delivered to the plaintiff or her agent its check drawn upon the First National Bank and Trust Company of Hudson, directing it to pay to the order of Anna Gaddis the sum of $5,000 and that Anna Gaddis indorsed such check by her signature and mark and received

or collected from the Farmers National Bank of Hudson the sum of $5,000 in money, and that such check was in the due course of business charged to the account of the savings bank in the First National Bank and Trust Company and hence was duly paid by the savings bank. Other affirmative defenses not material in this action were pleaded.

The action was tried and resulted in a verdict for the plaintiff for the full amount demanded in the complaint. It was disclosed upon the trial that the savings bank teller had neglected to enter the withdrawal on the pass book. Anna Gaddis testified that the X mark appearing on the receipt presented to the savings bank was not made or authorized by her and she likewise testified that the X mark appearing upon the check drawn by the savings bank to her order on the First National Bank and Trust Company and paid by the Farmers Bank was not made or authorized by her. In finding for the plaintiff, the jury necessarily found that the purported indorsement of Anna Gaddis upon the check was a forgery.

The judgment has been paid in full by the plaintiff in this action, which insured the savings bank and has been subrogated to all its rights and remedies. The plaintiff thereafter commenced this action against the First National Bank and Trust Company of Hudson to recover the sum of $5,000, and in addition thereto the sum of $553.51, the expenses of defending the Gaddis action, and $71.50 costs in the Gaddis action. The defendant First National Bank and Trust Company of Hudson moved to bring in as a party defendant the Farmers National Bank of Hudson, and, upon the granting of this motion, a supplemental summons was issued against the Farmers National Bank of Hudson by the First National Bank and Trust Company of Hudson. The pleading of the First National Bank and Trust Company against the Farmers National Bank alleges that the Farmers National Bank paid the amount of the draft upon the forged indorsement of Anna Gaddis, and that the payment by the First National Bank was made in reliance upon the indorsement of the Farmers National Bank, and judgment is demanded against the Farmers National Bank for the same amount in which judgment is demanded in the complaint.

The Farmers National Bank in its answer to the pleading of the First National Bank upon information and belief denied the forgery, and thereafter moved for an order to bring in the defendant Merlon J. White as a party defendant on the ground that he had indorsed the check and that payment by the Farmers National Bank was in reliance upon his indorsement. This motion was granted and a supplemental summons and a pleading alleging the cause of action of the Farmers National Bank against him was

served. In this pleading the Farmers National Bank demands that the defendant White be adjudged liable to it in the amount of any judgment recovered against it by the First National Bank and Trust Company.

Upon this state of the record the plaintiff moves for summary judgment and judgment on the pleadings against the defendant First National Bank and Trust Company, which does not oppose the motion, but in turn, applies for summary judgment against the defendant Farmers National Bank. By a further motion the defendant Farmers National Bank moves for a summary judgment against the defendant White in the event that summary judgment is granted in favor of the First National Bank and Trust Company. In view of the admissions in the answer of the First National Bank, including an admission that it paid upon the forged indorsement, plaintiff's motion for judgment on the pleadings is granted. The controversy, therefore, is now essentially between the First National Bank and the Farmers Bank, and the determination of the First National Bank's motion for summary judgment will depend upon the extent to which the judgment in the original action and the judgment now granted against the First National Bank are conclusive upon the question of the forgery of the indorsement of the draft, as against the Farmers Bank.

While a judgment in this action against the First National Bank would undoubtedly be binding and conclusive upon the Farmers Bank in respect of the forged indorsement upon the check, if the Farmers Bank as a party defendant were given an opportunity fully and actually to litigate the question here, I think that the judgment now granted upon the admission of the fact of the forged indorsement in the First National Bank's answer can be given no such effect. Since the Farmers Bank in its pleading denies the forged indorsement, liability against it cannot under any possible theory be predicated upon the admissions, or a judgment based upon such admissions, of the party which in this action seeks to charge the paying bank with the loss sustained by the forgery. The adjudication now made between the plaintiff and defendant is, therefore, not conclusive as against the Farmers Bank upon the question of the forged indorsement and it remains to be determined whether the adjudication between plaintiff's predecessor in interest and its depositor is conclusive upon such question.

Since Mrs. Gaddis is dead, her testimony, which was the only proof offered upon the former trial upon the question of forgery, is no longer available. It is the further contention of the First National Bank that the Farmers Bank is bound by the adjudication made in the Gaddis action. This contention is based upon the

notice given to the Farmers Bank prior to the trial, of the nature of the litigation in the Gaddis action. The notice relied upon is contained in part in a letter dated November 16, 1935, from the attorneys of record for the savings bank addressed to the Farmers National Bank. It sets forth that the draft in question was cashed by the Farmers Bank, collected from the First National Bank and charged to the account of Hudson City Savings Institution. It states that an action has been commenced by Anna Gaddis and continues: " We understand that claim is made by the said Anna Gaddis that she did not endorse said draft. This information is given you for the purpose of enabling you to take any proceedings which you think are desirable for your protection and the protection of other parties interested. As soon as the complaint has been served in the action we will send you a copy of it and we will then be pleased to discuss with you the matter of the defending of the suit, as we shall look to you for reimbursement in case said draft was illegally paid and the Hudson City Savings Institution is required in any way to make it good. If there is any further information that you desire please call upon us and we will be glad to furnish it."

On December 6, 1935, the attorneys for the savings bank forwarded to the Farmers National Bank a copy of the complaint. On December 27, 1935, they sent to William C. Hawver, who is a director and the general attorney for the Farmers National Bank, a copy of the answer of the savings bank. The record does not disclose that these communications were answered by the Farmers National Bank directly, but on January 16, 1936, a letter was received by the savings bank attorneys from the Glens Falls Indemnity Company, the insurer of the Farmers Bank, to the effect that the insurance company would not participate in the expense of defending the actions and further stating: " The issues involved in the suit are foreign in a sense to the issues that would be involved in a suit against the Farmers National Bank, for whom we are surety, should the latter be sued on the indorsement to the $5,000 check. We, however, are willing to co-operate with you in any way that we can in the handling of the situation."

In addition to these letters, Mr. Hawver, the general attorney of the Farmers Bank, " discussed the case several times " with an attorney for the savings bank, interviewed prospective witnesses, who, in so far as appears, were not called upon the trial, and attended an examination before trial of Anna Gaddis. Mr. Hawver denies that he was " authorized or directed " by the Farmers National Bank to participate, as concededly he did, in the interviews, or to attend the examinations before trial.

One who is liable over for a claim made in an action to which he is not a party may be bound by the adjudication made in respect of that claim, where he has notice of the claim made, and a fair opportunity to participate in the trial. (*Oceanic Steam Navigation Co.* v. *Campania Transatlantica Espanola*, 144 N. Y. 663; *Village of Port Jervis* v. *First National Bank of P. J.*, 96 id. 550; *City of Rochester* v. *Montgomery*, 72 id. 65; *Albany City Savings Inst.* v. *Burdick*, 87 id. 40; *Andrews* v. *Gillespie*, 47 id. 487; *Heiser* v. *Hatch*, 86 id. 614; *Fake* v. *Smith*, 2 Abb. Ct. App. Dec. 76; *Blasdale* v. *Babcock*, 1 Johns. 518.)

This rule, which is in principle based upon the doctrine of *res judicata*, has certain common aspects of that doctrine, among which are privity and mutuality. In each of the instances that have come to my attention, where it has been applied, there has been a direct relationship between the party precluded by the judgment and the party to the litigation against whom the claim was directly made. No relationship so remote as that between the savings bank and the Farmers Bank has, as far as I can ascertain, resulted in the application of the rule. There was no such privity between the savings bank and the Farmers Bank that the adjudication in the prior action could be binding upon the latter. This is made clear by the present complaint, which, notwithstanding the prior judgment pleaded, states no cause of action against the Farmers Bank, and there is presently no liability on the part of the Farmers Bank to the plaintiff. In the absence of either privity or liability over by the Farmers Bank to the savings bank, the adjudication in the Gaddis action cannot be binding upon the former on the question of the forged indorsement. (See *Baldwin's Bank* v. *Smith*, 215 N. Y. 76; *Corn Exchange Bank* v. *Nassau Bank*, 91 id. 74.) Nor did the savings bank suffer damage by the forged indorsement on the draft paid by the Farmers Bank, since the indebtedness of the First National Bank to the savings bank was not thereby discharged. (*General Fire Assurance Co.* v. *State Bank*, 177 App. Div. 745.) But, if such privity could be said to exist, the rule requires that the notice should be accompanied by an offer to the party of the conduct of the defense (*Andrews* v. *Gillespie, supra,* p. 492); or that the party be given an opportunity to defend (*Village of Port Jervis* v. *First National Bank, supra,* p. 555); or be given the future management of the suit. (*Albany City Savings Inst.* v. *Burdick, supra,* p. 44.) In the memorandum opinion in the *Oceanic Steam Navigation Case* (*supra*), which failed of adoption by the court, it is said that the notice is sufficient if it fully and fairly gives information of the claim " with full opportunity to defend or to participate in the defense " and that when such notice is

given the law entitles him to come in as a party upon the record or to be heard upon the trial. In *Fake* v. *Smith* (*supra*) there had been a notice and copies of the pleadings served and a request and requirement to conduct the trial of the action.

The other authorities which have been cited do not discuss the procedure to be followed by one sought to be bound by the adjudication, or the opportunity to contest the merits of the litigation, and there is the suggestion in some of them that notice alone is sufficient. (*City of Rochester* v. *Montgomery* and *Blasdale* v. *Babcock*, *supra*, and the syllabus of the reporter in *Heiser* v. *Hatch*, *supra*.)

The letter constituting the notice here relied upon stated that " we understand that claim is made by the said Anna Gaddis that she did not endorse said draft." This was before the complaint was served. When it was served there was no suggestion of forgery in it, and the defenses of the savings bank alleging payment to Mrs. Gaddis by a draft and alleging (¶ 9) that she had indorsed the draft and had received the money authorized by the draft from the Farmers Bank likewise gave no suggestion of forgery. The notice contained in the letter was conditioned by the pleadings referred to therein and subsequently forwarded to the Farmers Bank. A most careful inspection of these pleadings would be insufficient to apprise the Farmers Bank that it would be contended upon the trial that the indorsement was a forgery. What Mr. Hawver learned at conferences or at the examination before trial, if, indeed, he was authorized to act in the premises at all, has not been made clear in the moving papers. It would thus seem that notice of the claim that the Farmers Bank paid upon a forged indorsement was not very clearly given in advance.

The rule also rests upon the doctrine of estoppel (*Village of Port Jervis* v. *First National Bank*, *supra*, p. 555) and it would be something less than due process of law if the estoppel should operate without full and adequate notice and a full opportunity to the Farmers Bank to have contested the alleged forged indorsement upon the merits. How it could participate in the trial or have become a party to the record, assuming it was clearly apprised of the claim that the indorsement was forged, is not apparent. No express invitation to assume the management of the defense is shown. The Farmers Bank could not, upon its own motion, have been made a party to the Gaddis action. The complaint stated a cause of action at law for the recovery of money. The Farmers Bank had no " interest in the subject thereof " within Civil Practice Act, section 193, subdivision 3. (*Brooklyn Cooperage Co.* v. *Sherman Lumber Co.*, 220 N. Y. 642; *Bauer* v. *Dewey*, 166 id. 402; *Chapman*

v. *Forbes*, 123 id. 532; *Dickinson* v. *Tysen*, 125 App. Div. 735.) It would seem from these authorities, indeed, that even the First National Bank had no interest in the subject-matter of the Gaddis action.

The savings bank, on the other hand, could have made the First National Bank a party defendant, which in turn could have made the Farmers Bank a party defendant, within subdivision 2, section 193 of the Civil Practice Act. (*Travlos* v. *Commercial Union*, 217 App. Div. 352; *Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423; *First Nat. Bank* v. *Bankers Trust Co.*, 151 Misc. 233.) This procedure, which was not available to defendants during the period that the doctrine of estoppel by notice was developed, offers a far more adequate remedy to defendants and a more certain protection to those sought to be bound and estopped by the adjudication, than the nebulous practice of giving notice of the nature of the claim and offering an opportunity to defend. The rule, which surely must have been uncertain and unsatisfactory, arose from necessity and from the limitations of procedure. Modern practice has devised an adequate and certain remedy which would seem to be an exclusive substitute for the former procedure. Its value and operation are well illustrated in the proceedings that have been followed in the present action.

The motion of plaintiff for judgment on the pleadings against the First National Bank and Trust Company of Hudson is granted.

The motion of the defendant First National Bank and Trust Company and so much of the motion of plaintiff as seeks summary judgment against the defendant Farmers National Bank, Hudson, N. Y., are denied.

The motion of Farmers National Bank for summary judgment against defendant White is denied.

No costs.

For the purpose of preparing an order and filing, all papers used upon this motion are returned to the attorneys for the Farmers Bank.

Submit order.