In this action to foreclose a second and purchase-money mortgage, respondent, conceding the amount due on principal and interest of the bond and mortgage as alleged in the complaint, alleged as an affirmative defense and counterclaim that plaintiff, vendor of the property, had breached the warranty contained in the contract of sale that the tenant in possession of the first floor apartment of the mortgaged premises at the time of the conveyance would surrender possession thereof to respondent on or before April 30, 1947, had failed to do so, and had thereby violated the covenants of his full covenant deed. Judgment of foreclosure, offsetting against the full amount coneededly due appellant an amount awarded respondent upon the counterclaims alleged in his answer, modified on the law and the facts by striking therefrom all provisions admeasuring and granting such offset; and further modified so as to grant to appellant the relief demanded in the complaint for the full amount of principal coneededly due upon the bond and mortgage, with interest and costs, and dismissing the counterclaims. As so modified, the judgment, insofar as appealed from, is affirmed, with costs to appellant. In our opinion this record does not sustain the findings by the trial court, stated in its opinion, that the time for the surrender of the first floor apartment, as fixed by the contract of sale, was extended at appellant’s request; that the appellant and the tenant were united in preventing the respondent from gaining possession of that apartment before he did; and that the proof established that respondent was damaged by the continued occupancy of the first floor apartment in the sum of $870. Furthermore, there was no proof adduced of the difference between the rental value of the property and the rent paid by the tenant and received by respondent during the occupancy by the tenant, or of the cost to respondent of terminating that tenancy. (Browning v. Stillwell, 42 Mise. 346, affd. 93 App. Div. 613, affd. 182 N. Y. 538; Droege v. Arluek, 197 N. Y. S. 618, 619.) Johnston, Acting P. J., Adel, Sneed and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm the judgment, with the following memorandum: The time-honored rule of damages indicated in the majority decision, while proper in days before the advent of emergency rent laws and other statutes restrictive of a landlord’s rights in the control of his property, is today unrealistic and ineffectual. The measure of damages adopted by the trial court is consonant with the principle that “ The rule of damages is based upon the principle of indemnity.” (Browning v. Stillwell, 42 Misc. 346, 348, affd. 93 App. Div. 613, affd. 182 N. Y. 538.) Settle order on notice.